IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| THERESA DAVIS; JADA DAVIS, *individually and on behalf of her minor child J.D.*; and ASHLYN DAVIS, *on behalf of her minor child N.D.*,<br>　　　　Plaintiffs,<br><br>vs.<br><br>STEFFANY E. BOYD,<br>　　　　Defendant. | Civil Action No.: 3:25-3898-MGL-PJG |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM AS TO TWO PLAINTIFFS**

Plaintiffs Theresa Davis (Theresa); Jada Davis (Jada), individually and on behalf of her minor child J.D.; and Ashlyn Davis (Ashlyn), on behalf of her minor child N.D., (collectively, Plaintiffs) filed this civil action against Defendant Steffany E. Boyd (Boyd), asserting violations of their constitutional rights under 42 U.S.C. § 1983.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the Court grant Boyd's partial motion to dismiss the claims brought by Jada and Ashlyn for failure to state a claim. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on December 3, 2025. Plaintiffs filed a response on December 17, 2025, but Boyd neglected to reply.

As the Court observed above, the Magistrate Judge proposes the Court grant Boyd's partial motion to dismiss as to the claims brought by Jada and Ashlyn. Plaintiffs acknowledge dismissal of these claims is proper. Thus, they have failed to object.

"[I]n the absence of a timely filed objection, a district court need not conduct a de novo review[] but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir. 1985).

Here, Plaintiffs "request the Court permit a motion to amend the complaint to restate claims on behalf of . . . J.D. and N.D. if [they] discover evidence during discovery that would support such claims and that was not known or available to [them] prior to discovery in this matter." Plaintiffs' Response at 1.

Should Plaintiffs discover evidence through discovery that would justify amendment of the complaint in accordance with Federal Rule of Civil Procedure 15, Plaintiffs remain able to file a motion to amend for the Court's consideration. At this juncture, however, the Court concludes it would be premature to permit such a hypothetical amendment.

Accordingly, after a thorough review of the Report and record in this case under the standard set forth above, the Court adopts the Report and incorporates it herein. It is therefore the

judgment of the Court Boyd's partial motion to dismiss is **GRANTED**, and the claims brought by Jada and Ashlyn are hereby **DISMISSED WITHOUT PREJUDICE**.  The case will thus proceed only as to Teresa's claims.

**IT IS SO ORDERED.**

Signed this 23rd day of January 2026, in Columbia, South Carolina.

<u>s/ Mary Geiger Lewis</u>
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE